***********
The administrative panel of the Full Commission reviewed this matter on March 1, 2002, upon plaintiff's appeal from an Order denying plaintiff's motion for a late payment penalty by Deputy Commissioner Ronnie E. Rowell filed on November 7, 2001. Plaintiff assigned as error that the settlement awarded to him in the Order Approving Compromise Settlement Agreement was not paid in a timely manner pursuant to N.C.G.S. § 97-17
as amended on June 15, 2001, and defendants were now liable for a ten percent (10%) late payment penalty in the amount of $9,026.43.
Plaintiff argued that newly amended N.C.G.S. § 97-17 reduced the time for making timely payment of an award pursuant to a Compromise Settlement Agreement from thirty-nine (39) to twenty-four (24) days.
Defendant responded that the recent amendment to N.C.G.S. §97-17 did not alter the permissible payment period and plaintiff received payment of the approved settlement in a timely manner.
The Full Commission found that plaintiff received the settlement funds thirty-six (36) days following Industrial Commission approval of his compromise settlement agreement and that the June 15, 2001, amendments to N.C.G.S. § 97-17 do not remove the right of either party to appeal within fifteen (15) days of approval pursuant to N.C.G.S. § 97-85 for the reasons enumerated in N.C.G.S. § 97-17 which include fraud, misrepresentation, undue influence or mutual mistake, and affirmed the Order of the Deputy Commissioner denying plaintiff's motion for a ten percent (10%) late payment penalty.
Plaintiff then appealed this case to the Court of Appeals. The Court of Appeals issued a ruling in this matter on April 1, 2003 reversing the Opinion and Award of the Full Commission and holding that the 2001 amendments of N.C.G.S. § 97-17 effective June 15, 2001 barred the right of automatic appeal from an Order Approving a Compromise Settlement Agreement pursuant to N.C.G.S. § 97-85. The Court of Appeals reasoned that the new subsection of N.C.G.S. § 97-17, "Except as provided in this subsection, the decision of the Commission to approve a settlement agreement is final and is not subject to review or collateral attack," eliminated the right to appeal within fifteen (15) days pursuant to N.C.G.S. § 97-85 thereby shortening the time for payment from thirty-nine to twenty-four days.
In accordance with the ruling of the Court of Appeals, defendants are hereby ORDERED to pay plaintiff the ten percent (10%) late payment penalty as provided by N.C.G.S. § 97-18(g) in the amount of $9,026.30 plus statutory interest accruing since, October 4, 2001, the date payment was originally due to plaintiff.
This the ___ day of July 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER